INHABITANTS OF MONROE *vs.* WILLIAM A. CONDON.

Waldo County. Decided February 24, 1911. Action of debt to recover a tax assessed on certain horses, neat cattle, sheep and swine in the plaintiff town on the first day of April, 1909. At the conclusion of the evidence a verdict was ordered for the plaintiff town and the defendant excepted. The rescript states: "The defendant, an inhabitant of Dixmont, admits that the domestic animals which he owned and for which he was taxed in Monroe were in that town on the first day of April. They were therefore taxable in that town unless it be shown they were there for some temporary purpose. Revised Statutes, chapter 9, section 13, paragraph 4. This the evidence fails to show. The defendant further invokes that part of Revised Statutes, chapter 9, section 13, paragraph 4 providing that "if a town line so divides a farm that the dwelling house is in one town and the barn or outbuildings or any part of them is in another, such animals kept for the use of said farm shall be taxed in the town where the house is." The evidence however fails to show a case within that statute. Exceptions overruled." *Dunton & Morse*, for plaintiffs. *U. G. Mudgett*, for defendant.

---

WILBUR F. STEVENS et al. *vs.* GEORGE W. PARSONS.

Kennebec County. Decided February 24, 1911. Action for breach of covenant in a warranty deed. (See *Parsons* v. *Stevens et al.*, 107 Maine, 65.) The rescript is as follows: "In an equity suit between the same parties, a final decree was made which removes the basis of this action at law; but upon the suggestion that proceedings may be brought to obtain a reversal of that decree and a restoration of the cause of action, this case and exceptions are dismissed this docket for disposition of the case at nisi prius." *L. T. Carleton*, for plaintiffs. *Williamson & Burleigh*, for defendant.